UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM DAVID SCHAAR,

           Petitioner,

                                        CASE NO. 2:07-CV-13397

      v.                            JUDGE STEPHEN J. MURPHY, III

                                        MAGISTRATE JUDGE PAUL J. KOMIVES

JOHN PRELESNIK,

           Respondent[1].

_____/


## REPORT AND RECOMMENDATION

*Table of Contents*

I.   RECOMMENDATION………………………………………………………………………....1
II.  REPORT………………………………………………………………………………………....2
     A.  *Procedural History*………………………………………………………………………….2
     B.  *Standard of Review*…………………………………………………………………………3
     C.  *Sentencing Claims*………………………………………………………………………….5
            1. *Guidelines Scoring*…………………………………………………………………5
            2. *Inaccurate Information*……………………………………………………………6
                 a.   PRV 4…………………………………………………………………6
                 b.   PRV 5…………………………………………………………………9
            3. *Blakely*…………………………………..……………………………………….12
     D.  *Ineffective Assistance of Counsel*……………………………………………………...17
     E.  *Conclusion*……………………………………………………………....………………18
III. NOTICE TO PARTIES REGARDING OBJECTIONS…………………………………………18

                                                         *   *   *   *   *


I.       RECOMMENDATION: The Court should deny petitioner's application for the writ of

habeas corpus.

II.     REPORT:

_____

[1] By Order entered this date, John Prelesnik has been substituted as the proper respondent
in this action.

1

A.     *Procedural History*

1.     Petitioner William David Schaar is a state prisoner, currently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan.

2.     On November 3, 2003, petitioner was convicted of home invasion in the first degree, MICH. COMP. LAWS § 750.110(a)(2); and assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84, pursuant to his guilty plea in the Genesee County Circuit Court. Petitioner was subsequently sentenced to a term of 140-to-240 months' imprisonment for the home invasion conviction and a concurrent term of 60-to-120 months for the assault conviction.

3.     On September 28, 2004, petitioner filed a motion for resentencing in the trial court pursuant *Blakely v Washington*, 542 U.S. 296 (2004), challenging his sentence on various grounds. The trial court denied the motion. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

> I.     PETITIONER IS ENTITLED TO RESENTENCING WHERE PRVs 4 AND 5 OF HIS GUIDELINES WERE MISSCORED, RESULTING IN A VIOLATION OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS.
>
> II.    PETITIONER IS ENTITLED TO RESENTENCING BECAUSE THE FACTS DID NOT SUPPORT THE SCORING OF OV 7 AND BECAUSE THE SENTENCING GUIDELINES RANGE WAS ENHANCED BY THE MISSCORING OF OFFENSE VARIABLES 1, 2, 7, AND 11 ON THE BASIS OF FACTS NOT PROVEN TO A JURY BEYOND A REASONABLE DOUBT, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT.

The court of appeals found no merit to petitioner's claims, and denied his petition for leave to appeal. *See People v. Schaar*, No. 259036, (Mich. Ct. App. Apr. 7, 2005).

4.     Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a

standard order and also denied reconsideration.  *See People v. Schaar*, 474 Mich. 905, 705 N.W.2d 130 (2005).

5.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on March 21, 2007. As grounds for the writ of habeas corpus, he raises several challenges to his sentence.

6.      Respondent filed his answer on October 24, 2007.  He contends that petitioner's claims are without merit or not cognizable on habeas review.

B.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that

contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

4

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

C.       *Sentencing Claims*

Petitioner raises several challenges to his sentence. First, he contends that the court improperly scored Offense Variables (OVs) under the state sentencing guidelines. Second, he contends that the court relied on inaccurate information when scoring Prior Record Variables (PRVs) 4 and 5. Finally, petitioner contends that the improper scoring of his sentencing guidelines violates *Blakely v. Washington*, 542 U.S. 296 (2004).

1.       *Guidelines Scoring*

Petitioner's challenges to the scoring of OVs 1, 2, 7, 12 and the sentencing factors relied upon by the trial court do not state federal constitutional claims cognizable on habeas review. A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921,924 (5th Cir. 1987). Federal habeas courts have no

5

authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored the guidelines range raises an issue of state law that is not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines present an issue of state law only and is , thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review).

      2.   *Inaccurate Information*

          *a. PRV 4*

Petitioner's claim that his sentence was based on juvenile adjudications that were his brother's is without merit. Petitioner's claim invokes the rule established in *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972). In both cases, "the United States Supreme Court invalidated defendants' sentences because they were imposed by trial courts in reliance upon material false assumptions of fact." *Eutzy v. Dugger*, 746 F. Supp. 1492, 1504 (N.D. Fla. 1989) (discussing *Townsend* and *Tucker*); *accord Stewart v. Peters*, 878 F. Supp. 1139, 1144 (N.D. Ill. 1995) (same). *See generally, Tucker*, 404 U.S. at 448-49; *Townsend*, 334 U.S. at 740-41. It is well established, however, that a *Tucker* violation arises only where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotations omitted); *see also, Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A

6

sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, to be entitled to habeas relief on this claim petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.).

Here, petitioner contends that the convictions considered in PRV 4 are his brother's, yet offers no proof to show any inaccuracy of the information supplied to the court. Petitioner simply states, "The convictions used for PRV 4 were that of his brother's." Pet. for Writ of Habeas Corpus, at 7. During sentencing, defense counsel brought several corrections to the court's attention, such as the description of the offense and the petitioner's education. Sentence Tr. at 3-11. These specific corrections, such as how many weeks the petitioner attended college and dates of cocaine use, demonstrated that the petitioner and his counsel had carefully read through the pre-sentence report. *Id.* at 8-9. Petitioner fails to explain why this issue was not raised during sentencing along with these issues. In fact, during sentencing petitioner indicated that defense counsel had covered all factual corrections in the report:

> Mr. Vance:   Those are all the factual corrections, Your Honor, I have. I do have one objection to the guideline scoring.
>
> The Court:   Let's go back. Now, Mr. Schaar, ***you read the report carefully, true?***
>
> [Petitioner]:   ***Yes, ma'am.***
>
> The Court:   ***Do you see any other corrections or additions Mr. Vance hasn't already covered now?***
>
> [Petitioner]:   ***No, ma'am.***
> [Sentence Tr. at 10-11, emphasis added]

Additionally, after defense counsel finished the objection mentioned above, the trial court asked petitioner and defense counsel once again if the report contained any errors:

| | |
|---|---|
| The Court: | All right. Mr. Vance, ***any other corrections or additions?*** |
| Mr. Vance: | ***Nothing further,*** Your Honor. |
| The Court: | Mr. Schaar, you also are known as Butch, is that true? |
| [Petitioner]: | Yes, ma'am. |
| The Court: | All right. ***Do you want to make any other corrections or additions?*** |
| [Petitioner]: | ***No, ma'am.*** |
| | [*Id.* at 12-13, emphasis added] |

Petitioner fails to offer any evidence in support of his assertion that his juvenile record is inaccurate. Absent any evidentiary support, bald assertions and conclusory allegations do not provide a basis for habeas relief. *Wacht v. Cardwell*, 604 F.2d 1245,1246 (9th Cir. 1979); *Mayberry v. Petsock*, 821 F.2d 179 (3rd Cir. 1987).

Further, as noted above, a *Tucker* violation arises only where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner*, 341 F.3d at 639. Here, even if there was inaccurate information used to score the guidelines, petitioner cannot show that the trial court relied upon it. A review of the sentencing transcript shows that the trial judge did not give explicit consideration to petitioner's prior juvenile record. The court mentions petitioner's history simply as, "[Petitioner] has one prior felony and five misdemeanors and a juvenile record, which caused him to be sent to the George Junior Republic." Sentence Tr. at 20. Rather the court's sentence was based on the general circumstances of the crime and the effect it had on

8

the victim and his lifestyle, as well as petitioner's prior record. *Id.* at 19-20. Thus, petitioner has failed to show either that there was materially false information, or that the information was relied upon at sentencing. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his sentencing claims.

*b. PRV 5*

Petitioner next contends that his sentence was based on uncounseled prior convictions, and thus was unconstitutional. As previously stated, the *Townsend* court held that it violates a criminal defendant's right to due process to sentence the defendant " on the basis of assumptions concerning his criminal record which were materially untrue." *Townsend*, 334 U.S. at 741. In *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Court held that the Sixth Amendment right to counsel makes it "unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one." *Burgett v. Texas*, 389 U.S. 109, 114 (1967). In *Burgett*, the Court extended its holding in *Gideon*, concluding that a conviction obtained in violation of Gideon cannot be used to either support guilt or enhance punishment for another, subsequent offense. *See Burgett*, 389 U.S. at 115. Extrapolating from both *Townsend* and *Gideon/Burgett*, the Court held in *Tucker* that a sentencing court's reliance on convictions which are "wholly unconstitutional under *Gideon*" results in a "sentence founded at least in part upon misinformation of a constitutional magnitude" of the type prohibited by *Townsend*. *Tucker*, 404 U.S. at 447. Thus, "[w]hen an otherwise qualified §2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Lackawanna County Dist. Attorney v. Coss*, 532

9

U.S. 394, 404 (2001).

Petitioner's claim is based on the trial court's scoring of PRV 5. It is the petitioner's burden to show both that he was without counsel at the time of his plea, and that the presence of counsel was not validly waived. *See Hobson v. Robinson*, 27 Fed. Appx. 443, 445 (6th Cir. 2001) (citing *Parke v. Raley*, 506 U.S. 20, 28-34 (1992)). A petitioner's "conclusory allegation is not a basis for granting an evidentiary hearing" or habeas relief. *Brown v. Tyszkiewicz*, No. 99-CV-73027, 2000 WL 1480892, at *8 (E.D. Mich. Aug. 31, 2000) (Borman, J.); *see also*, *Hobson*, 27 Fed. Appx. At 445; *United States v. Joost*, 92 F.3d 7,14 (1st Cir. 1996). Here, petitioner offers nothing to show that any of his convictions were taken in the absence of either counsel or a valid waiver of the right to counsel for each of these convictions. It is also well established that a court may base its sentence on uncounseled misdemeanor convictions that did not result in any jail time. *See Nichols v. United States*, 511 U.S. 738, 748-749.

However, if petitioner were able to show that the prior convictions were uncounseled, there was nothing improper in the trial court's use of these allegedly uncounseled convictions in departing upward from the guidelines to sentence petitioner. Importantly, the Supreme Court has never held that previous uncounseled misdemeanor convictions can never be used in determining an appropriate sentence. In *Baldasar v. Illinois*, 446 U.S. 222 (1980) (per curiam), the Court held only that a previous uncounseled misdemeanor conviction may not "be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term." *Id.* at 222 (per curiam); *see also*, *id.* at 224 (Stewart, J., joined by Brennan and Stevens, JJ., concurring) (use of previous uncounseled conviction improper where defendant is "sentenced to an increased term of imprisonment *only* because" of that conviction) (emphasis in original); *id.* at 228

(Marshall, J., joined by Brennan and Stevens, JJ., concurring) (uncounseled misdemeanor conviction "remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute."). [2]

As a number of courts have explained, "the holding of *Baldasar* is limited to prohibiting the elevation of a misdemeanor to a felony by reason of an uncounseled conviction [.]" *United States v. Falesbork*, 5 F.3d 715, 718 (4th Cir. 1993); *see also, United States v. Burroughs*, 5 F.3d 192, 194 (6th Cir. 1993). As the Eighth Circuit has aptly explained:

> We believed that *Baldasar* prevents a constitutionally valid but uncounseled prior conviction from being used in a subsequent sentencing proceeding to imprison a defendant when he would not otherwise be confined. We further are of the view that *Baldasar* has no application in a case (as here) where the prior uncounseled conviction played no part in determining the defendant's guilt of the subsequent offense, and where (as here) a sentence to imprisonment is already required to be imposed for the subsequent offense without regard to the prior conviction, and where (as here) the court is faced only with determining the length of the imprisonment. Under *Baldasar*, one cannot be sent to jail because of a prior uncounseled misdemeanor conviction, either upon the initial conviction or because of the convictions' later use in a subsequent sentencing, but if the subsequent sentence to imprisonment is already required as a consequence of the subsequent crime, the prior conviction may be used as a factor to determine its length.

*United States v. Thomas*, 20 F.3d 817, 823 (8th Cir. 1994) (en banc).

This result is compelled here. It is clear that petitioner's sentence was based on his

---

[2] In *Scott v. Illinois*, 440 U.S. 367 (1979), the Court held only that a state must provide an indigent defendant with counsel in misdemeanor proceedings prior to imposing a jail term. *See id.* at 373-74. In *Nichols v. United States*, 511 U.S. 738 (1994), the Court clarified that only use of an *unconstitutional*, uncounseled prior conviction violates *Baldasar*. Thus, petitioner's allegation that he was not represented by counsel is insufficient to show that the convictions were unconstitutional. Petitioner also must show that (1) "he did not voluntarily and knowingly waive his right to counsel on those occasions[,]" *United States v. Wyatt*, No. 95-4023, 1996 WL 156737, at *3 (10th Cir. Apr. 4, 1996), (2) he was indigent and not provided counsel or not indigent but prevented from obtaining counsel by the state, *see Moore v. Jarvis*, 885 F.2d 1565, 1573 (11th Cir. 1989), and (3) he was sentenced to a term of imprisonment for these previous convictions, *see Nichols*, 511 U.S. at 748-49. Petitioner has made no such showing. Nevertheless, assuming *arguendo* that he could make such a showing, the

conduct (albeit as reflected in his criminal history), which was relevant to his character, dangerousness, and potential for rehabilitation. As the Supreme Court explained in *Nichols*, traditionally "[s]entencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from that behavior." *Nichols*, 511 U.S. at 747. Here, the sentencing judge's comments make it clear that petitioner's prior convictions, to the extent they were used, were "not applied to alter criminal liability, as is prohibited by *Baldasar*. Rather, his recidivist conduct was taken into account only to select the appropriate sentence within the range legally established by [the Michigan legislature] for the felony." *Falesbork*, 5 F.3d at 719; *see also*, *United States v. Peagler*, 847 F.2d 756, 758-59 (11th Cir. 1988) (prior uncounseled conviction may be used as evidence of defendant's character in imposing an appropriate sentence within the range authorized for the offense).

Because petitioner has failed to meet his burden of demonstrating that any of the convictions upon which the trial court based its sentence were taken in violation of petitioner's right to counsel, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

3.   *Blakely*

Petitioner also contends that his sentence violates the rule of *Blakely v. Washington*, 542 U.S. 296 (2004), which explained the Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

---

trial court's limited use of the convictions was not improper, as explained more fully below.

a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.  In *Blakely*, the Court considered the applicability of *Apprendi* to a state sentencing guidelines scheme similar to the United States Sentencing Guidelines.  The state in that case argued that guidelines findings were not prohibited by *Apprendi* because *Apprendi* prohibited only factual findings at sentencing which increased the statutory maximum penalty to which the defendant was exposed.  The Court in *Blakely* rejected this argument and struck down the state guidelines scheme, explaining that:

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*  In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Blakely*, 542 U.S. at 303-04 (citations omitted) (emphasis in original).

Finally, in *United States v. Booker*, 543 U.S. 220 (2005), the Court took the step logically suggested by *Blakely*, concluding that the United States Sentencing Guidelines are unconstitutional under *Apprendi* because they allow federal judges to impose sentences based on facts not found by a jury beyond a reasonable doubt.  Two separate majorities formed the Court's decision.  Justice Stevens delivered the opinion of the Court on the substantive question of whether the Guidelines are unconstitutional under *Apprendi*.  Noting that there was no difference of constitutional significance between the Guidelines and the state guideline system at issue in *Blakely*, *see Booker*, 543 U.S. at 233, and rejecting the government's attempts to distinguish the two, *see id*. at 237-43, the merits majority concluded that the Guidelines violate the Sixth Amendment as interpreted in *Apprendi*.  A separate majority joined an opinion authored by Justice Breyer, which contained the Court's decision on the remedial issue.  The remedial

13

majority concluded that the appropriate remedy for the constitutional violation was not to strike the Guidelines in their entirety, but to excise two statutory provisions which make the Guidelines mandatory.  *See id.* at 245.  Thus, under *Booker* the Guidelines remain advisory, and a federal district judge must consult the Guidelines before imposing sentence, but the judge is not bound to follow the Guidelines.

Petitioner contends that, because the trial court made the necessary findings on the sentencing guidelines, his sentence violates *Blakely*.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.   Michigan law provides for an indeterminate sentencing scheme, unlike the determinate sentencing schemes at issue in *Blakely* and *Booker*.  Under Michigan law the defendant is given a sentence with a minimum and a maximum term.  The maximum sentence is not determined by the trial judge but is set by law.  *See People v. Drohan,* 475 Mich. 140, 160-61, 715 N.W.2d 778, 789-90 (2006); *People v. Claypool,* 470 Mich. 715, 730 n.14, 684 N.W.2d 278, 286 n.14 (2004); MICH. COMP. LAWS § 769.8.  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161, 715 N.W.2d at 790.   Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255 n.7, 666 N.W.2d 231, 236 n.7 (2003) (discussing MICH. COMP. LAWS § 769.34(2)).   Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *See Claypool,* 470 Mich. at 730 n.14, 684 N.W.2d at 286 n.14.

*Blakely* is inapplicable here because *Blakely* is concerned only with the *maximum* penalty which is authorized by a jury's findings or a defendant's plea: if some additional factor increases

14

the defendant's penalty beyond that which could be imposed solely on the basis of the jury's findings or the defendant's plea, *Blakely* requires that those facts be found by a jury beyond a reasonable doubt (or be themselves pleaded to by a defendant).  As explained above, unlike the guidelines scheme at issue in *Blakely*, the Michigan sentence guidelines help determine only the minimum portion of a defendant's indeterminate sentence.  The maximum is, in every case, the statutory maximum authorized by law.  *See Claypool*, 470 Mich. at 730 n.14, 684 N.W.2d at 286 n.14; MICH. COMP. LAWS § 769.8. Petitioner's plea-based conviction on the felonious assault and home invasion charges, therefore, contained all of the factual findings necessary to impose the statutory maximums on those charges.  *See Drohan*, 475 Mich. at 162, 715 N.W.2d at 790 ("Thus, the trial court's power to impose a sentence is always derived from the jury's verdict, because the 'maximum-minimum' sentence will always fall within the range authorized by the jury's verdict.").

This being the case, petitioner's sentence did not violate *Blakely* even though the trial court made additional factual findings in imposing the minimum term of petitioner's imprisonment.  The Supreme Court has repeatedly made clear that the *Apprendi* rule is concerned only with the maximum sentence which is authorized by a jury's verdict or a defendant's plea.  As the Supreme Court explained in *Harris v. United States*, 536 U.S. 545 (2002):

> *Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime–and thus the domain of the jury–by those who framed the Bill of Rights.  The same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict authorized the judge to impose the minimum with or without the finding.

*Harris*, 536 U.S. at 557.  This distinction is important because the only issue under the Sixth

Amendment is whether the judge is impinging on the role of the jury.  For this reason, the Court

explicitly excepted indeterminate sentencing schemes such as Michigan's from its holding in

*Blakely*.  Rejecting an argument raised by Justice O'Connor in dissent, the Court explained:

> Justice O'Connor argues that, because determinate sentencing schemes
> involving judicial factfinding entail less judicial discretion than indeterminate
> schemes, the constitutionality of the latter implies the constitutionality of the
> former.  This argument is flawed on a number of levels.  First, the Sixth
> Amendment by its terms is not a limitation on judicial power, but a reservation of
> jury power.  It limits judicial power only to the extent that the claimed judicial
> power infringes on the province of the jury.  Indeterminate sentencing does not do
> so.  It increases judicial discretion, to be sure, but not at the expense of the jury's
> traditional function of finding the facts essential to lawful imposition of the
> penalty.  Of course indeterminate schemes involve judicial factfinding, in that a
> judge (like a parole board) may implicitly rule on those facts he deems important
> to the exercise of his sentencing discretion.  But the facts do not pertain to
> whether the defendant has a legal *right* to a lesser sentence–and that makes all the
> difference insofar as judicial impingement upon the traditional role of the jury is
> concerned.

*Blakely*, 542 U.S. at 309 (citation omitted).

Under this reasoning, it is clear that Michigan's indeterminate sentencing guideline

scheme, under which the maximum is established by statute and only the minimum term is based

on judicial factfinding, does not violate the Sixth Amendment.  *See Bellamy v. Curtin*, No. 1:06-

CV-599, 2007 WL 527988, at *4 (W.D. Mich. Feb. 14, 2007); *Mays v. Trombley*, No. 2:06-CV-

14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006) (Hood, J.); *Worley v. Palmer*, No.

2:06-CV-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006) (Cohn, J.); *Toothman v.

Davis*, No. 05-CV-74561, 2006 WL 2190515, at *2 (E.D. Mich. Aug. 1, 2006) (Edmunds, J.);

*Drohan,* 475 Mich. at 164, 715 N.W.2d at 791-92; *Claypool*, 470 Mich. at 730 n.14, 684 N.W.2d

at 286 n.14.  Accordingly, the Court should conclude that petitioner is not entitled to habeas

16

relief on this claim.

D.      *Ineffective Assistance of Counsel*

Finally, petitioner contends that his counsel was ineffective for failing to object the scoring of his guidelines. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect eh fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact *See id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, …that course should be followed." *Id.*

With respect to the performance prong of the inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder

17

would have had a reasonable doubt respecting guilt." *Id.* at 695. As the Sixth Circuit has explained, "[w]here ineffective assistance at sentencing is asserted, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney." *Spencer v. Brooker*, 254 Fed. Appx. 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

Here, petitioner has filed to show that counsel was ineffective for failing to object to the scoring of his OVs and PRVs. As explained above, petitioner has failed to show that the trial court could not consider his misdemeanor convictions for PRVs 4 and 5. Counsel cannot be deemed ineffective for failing to raise meritless challenges to the inclusion of these convictions into the court's sentencing.

E.     *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but

18

fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                              s/Paul J. Komives
                              PAUL J. KOMIVES
                              UNITED STATES MAGISTRATE JUDGE

Dated: July 9, 2009


<table>
<tr><td>The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on July 9, 2009.<br><br>                    s/Eddrey Butts<br>                    Case Manager</td></tr>
</table>