UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DAVID SCHAAR,

    Petitioner,

v.

                                      Case No. 07-cv-13397

JOHN PRELESNIK,                      HONORABLE STEPHEN J. MURPHY, III

    Respondent.
                                       /

**ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

In this action, pro se Plaintiff William David Schaar has filed a petition for a writ of habeas corpus. He was convicted in state court of home invasion in the first degree and assault with intent to do great bodily harm. He pleaded guilty to both charges and was sentenced a prison term of 140-to-240 months for the home invasion and a concurrent term of 60-to-120 months for the assault. In his habeas petition, Schaar raises two issues: errors by the state trial court in the sentencing phase, and ineffective assistance of counsel at sentencing. The Court referred the matter to Magistrate Judge Paul J. Komives for all pretrial proceedings.

The matter now returns to the Court on the Report and Recommendation of Judge Komives. Docket no. 16. In his Report, Judge Komives recommends that the Court deny Schaar's petition because his claims lack merit. The Court granted Schaar additional time to file objections to the Report and Recommendation and Schaar has since filed objections. Schaar also filed what he has styled as a motion to request a "Tucker hearing."

A district court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections to the Report. With respect to portions of a Report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure provide that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Because Schaar has filed objections, the Court must conduct a de novo review of those portions to which he has objected.

The Court has conducted a de novo review of the record and finds that Schaar's objections are without merit. Judge Komives's analysis of Schaar's claims is sound and correct. He fully considered the claims and the responses thereto and rightly concluded that Schaar is not entitled to habeas relief. In his objections to the Report, Schaar raises arguments he made in his brief supporting his petition, arguments that Judge Komives properly considered, ultimately found unpersuasive, and later rejected. Accordingly, the Court will overrule Schaar's objections and will adopt the analysis in the Report and Recommendation.

The Court declines to issue a certificate of appealability in this case. A petitioner must obtain a certificate of appealability in order to appeal the district court's denial of a habeas petition for relief from a state conviction. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P.

2

22(b)(1).[1]  A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2). To meet this threshold, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Specifically, he must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Banks v. Dretke*, 540 U.S. 668, 705 (2004) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  The Court concludes that jurists of reason would not find debatable its assessment of Schaar's claims.  The Court thus declines to issue Schaar a certificate of appealability.  Schaar may request a certificate of appealability from the court of appeals if he wishes.  *See* Fed. R. App. P. 22(b)(1).

Anticipating that Schaar will appeal the Court's order denying his petition, and in order to streamline any potential appeal, the Court declines at this time to certify that any appeal would be in bad faith.  A party permitted to proceed *in forma pauperis* in the district court action may proceed on appeal in the same fashion without further authorization unless the district court certifies in writing that the appeal is not taken in good faith.  Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3).  An appeal is taken in good faith when the litigant seeks appellate review of any issue that is not frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) ("[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose

---

[1] As of December 1, 2009, the Rules Governing Section 2254 Cases require a district court to either issue or deny a certificate of appealability at the time it enters a final order adverse to the petitioner.  Rule 11(a), 28 U.S.C. foll. § 2254.

that the appeal has some merit."). Although the Court finds that reasonable jurists would not disagree that Schaar is not entitled to habeas relief, the Court does not find that any appeal would be frivolous. *See, e.g.*, *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) ("Although reasonable jurists would not debate the Court's resolution of Petitioner's claims, the issues are not frivolous."). Accordingly, the Court does not certify that any appeal would be taken in bad faith.

Finally, Schaar has filed a motion requesting a "Tucker hearing." The Court construes this as a request for an evidentiary hearing on his claim that his sentence was imposed by the trial court in reliance on Schaar's brother's earlier convictions. *See United States v. Tucker*, 404 U.S. 443 (1972) (sentence imposed by trial court in reliance on material false assumptions of fact is constitutionally invalid). Judge Komives concluded in his Report that Schaar had failed to meet his burden to showing entitlement to a hearing on that claim and the Court agrees. Therefore, the Court will deny Schaar's motion for a "Tucker hearing."

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's objections to the Report and Recommendation (docket no. 19) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (docket no. 16) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE .**

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability on any of Petitioner's claims.

**IT IS FURTHER ORDERED** that Petitioner's motion to request a Tucker hearing (docket no. 20) is **DENIED.**

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: August 12, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2010, by electronic and/or ordinary mail.

        Alissa Greer
        Case Manager